IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| WILMER DOUGLAS GONZALEZ,<br>*Petitioner*,<br>v.<br><br>MARKWAYNE MULLIN, *et al.*,<br>*Respondents*. | 1:26-cv-02287-MSN-WBP |

**ORDER**

This matter comes before the Court on Wilmer Douglas Gonzalez's ("Petitioner") Petition for Writ of Habeas Corpus (ECF 1) in which he challenges the lawfulness of his detention by the Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"). Petitioner, a citizen of El Salvador, received a final order of removal in 2016 but was granted withholding of removal. ICE later issued Petitioner an Order of Supervision ("OSUP"). On June 28, 2026, however, ICE officers arrested Petitioner when he appeared for a scheduled check-in. Petitioner contends that his current detention violates 8 U.S.C. § 1231, as interpreted by *Zadvydas v. Davis*, 533 U.S. 678 (2001), and that ICE failed to follow its regulations in revoking his OSUP. Petitioner also contends that ICE cannot remove him to a third country without allowing him to raise a credible fear of removal before an Immigration Judge. For the reasons that follow, the Court will grant his Petition.

## I. BACKGROUND

Petitioner is a citizen of El Salvador who entered the United States without inspection sometime before August 4, 2005. ECF 4-1 ¶¶ 4-5. Following removal proceedings, Petitioner was removed from the United States on January 3, 2011. *Id.* at ¶ 14. Sometime before February 10, 2016, Petitioner reentered the United States without inspection. *Id.* at ¶ 15. In February 2016, ICE encountered Petitioner while he was in state criminal custody. *Id.* at ¶ 16. Petitioner was taken into civil immigration custody upon his release and was served with a reinstatement order. *Id.* at ¶ 17.

Petitioner claimed a fear of returning to El Salvador and was referred for a reasonable fear interview. *Id.* at ¶ 16. On February 18, 2016, the asylum officer determined that Petitioner had established a reasonable fear and Petitioner was placed in Withholding Only Proceedings. *Id.* at ¶ 17. On May 31, 2016, Petitioner filed an application for withholding of removal and protection under the regulations implementing the Convention Against Torture. *Id.* at ¶ 19. An Immigration Judge granted Petitioner withholding of removal from El Salvador under the Convention Against Torture on August 17, 2016. *Id.* at ¶ 20. On August 30, 2016, Petitioner was released on an Order of Supervision. *Id.* at ¶ 18.

During his term of supervision, Petitioner complied with the conditions of his release, reporting to ICE as directed through annual check-ins. ECF 1 at ¶ 44. In 2026, ICE required Petitioner to wear an ankle monitor, enroll in Intensive Supervision Appearance Program, and required monthly reporting and home visits. *Id.* at ¶ 45. Petitioner missed two required appointments—one in May 2026 and a home visit scheduled for June 16, 2026—because of work. *Id.* at ¶ 47.

Petitioner was instructed to report to ICE's Chantilly, Virginia office on June 28, 2026. *Id.* at ¶ 49. Petitioner did so. At that appointment, officers requested Petitioner submit for fingerprinting and a DNA test. *Id.* at ¶ 49. Petitioner requested an attorney before doing so. *Id.* Officers informed Petitioner that if he did not submit to fingerprinting and a DNA test he would be arrested. *Id.* Petitioner refused and was arrested. *Id.*

Petitioner was served with a Revocation of Release that same day. ECF 4-1 at ¶ 21. The Notice of Revocation of Release stated that the revocation was pursuant to 8 C.F.R. § 241.13(i) because "[c]ircumstances have changed such that there is a significant likelihood of removal in the reasonably foreseeable future." ECF 4-3 at 1. Federal Respondents suggest that the revocation was based on ICE's conclusion that Petitioner could be removed to Mexico. ECF 4-1 at ¶ 21. The

Notice of Revocation of Release, however, leaves unchecked the box stating that "ICE has obtained a travel document and scheduled your removal," and lists no date for removal. *Id.*

On July 1, 2026, Petitioner was transferred to Port Isabel Service Processing Center in Texas. *Id.* at ¶ 22. Petitioner refused to board a bus departing from the Port Isabel facility, *id.* at ¶ 23, and was subsequently returned to the Caroline Detention Facility in Bowling Green, Virginia, *id.* at ¶ 24.

On July 27, 2026, Petitioner filed this Petition seeking his immediate release. ECF 1.

## II. DISCUSSION

Petitioner argues that (1) his continued detention violates 8 U.S.C. § 1231(a)(6), as interpreted by *Zadvydas*; (2) ICE failed to follow its regulations in revoking his OSUP; and (3) Petitioner is entitled to review by an IJ of his claim that he has a credible fear of persecution and torture before being removed to a third country.[1]

### A. Petitioner's Continued Detention

Under 8 U.S.C. § 1231, which governs the detention of noncitizens like Petitioner who have received a final order of removal, noncitizens shall be detained during a ninety-day "removal period" following their final order to effectuate their removal. 8 U.S.C. §§ 1231(a)(1)(A), (2)(A). If DHS is unable to effectuate a person's removal within the 90-day deadline, DHS may release them subject to terms of supervision. 8 U.S.C. §§ 1231(a)(3), (6). DHS may later re-detain a person who has been released on an order of supervision if, for instance, there has been a change in

[1] Federal Respondents first argue that this Court should decline to exercise jurisdiction over the Petition because Petitioner is a member of the non-opt out class in *D.V.D. v. Dep't of Homeland Sec.*, 778 F. Supp. 3d 355 (D. Mass. 2025). ECF 4 at 9-12. As another court in this District has thoroughly explained, these arguments are meritless. *See Serpas v. Noem*, 1:25-cv-02369-AJT-WBP, ECF 15 at 3-5 (E.D. Va. Feb. 3, 2026); *see also, e.g., Garcia-Rivera v. Noem*, 1:26 cv-00229-MSN-WBP, ECF 6 at 3 n.2 (E.D. Va. Mar. 2, 2026) (concluding same). As of the date of the entry of this Order, final judgment in *D.V.D.* has been stayed. *See D.V.D. v. Dep't of Homeland Sec.*, 1:25-cv-10676, ECF Nos. 242, 246 (D. Mass. Feb. 26, 2026). Moreover, Petitioner's challenge to his ongoing detention and the revocation of his Order of Supervision raise issues that are substantively different from the claims at issue in *D.V.D.*, which largely focus on the procedural due process protections due to noncitizens subjected to third-country removal. *See D.V.D. v. Dep't of Homeland Sec.*, 821 F. Supp. 3d. 102, 2026 WL 521557, at *27-40 (D. Mass. Feb. 25, 2026).

circumstances or DHS becomes able to conduct their removal. *See* 8 C.F.R. §§ 241.4(*l*); 241.13(*l*)(2). DHS may also continue to detain a noncitizen past the 90-day removal deadline in certain circumstances, including where the noncitizen is inadmissible or DHS determines that the noncitizen is "a risk to the community or unlikely to comply with the order of removal." 8 U.S.C. § 1231(a)(6); *see also Castaneda v. Perry*, 95 F.4th 750, 755 (4th Cir. 2024).

While 8 U.S.C. § 1231(a)(6) does not impose an explicit time limit on the length of a noncitizen's detention following a final removal order, the Supreme Court has recognized that "serious constitutional concerns" would arise if § 1231 were interpreted to allow for "indefinite detention." *Zadvydas*, 533 U.S. at 682. Thus, in *Zadvydas*, the Supreme Court construed § 1231 to contain an implicit limit on terms of detention, "the application of which is subject to federal-court review." *Id.* Under *Zadvydas*, a noncitizen's detention pursuant to § 1231 may only be for a "period reasonably necessary" to secure the noncitizen's removal. *Id.* at 689. The Supreme Court has explained that detention for a period of up to six months is "presumptively reasonable." *Id.* at 701. After this six-month period, a noncitizen's detention becomes presumptively unlawful if they "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Federal Respondents contend that because Petitioner has not been detained for *six* months, his *Zadvydas* claim must fail. ECF 4 at 13. But, as courts in this Circuit have recognized, "*Zadvydas* did not announce a categorical bar on challenging detention prior to six months, but rather a rebuttable presumption that 180 days of detention is reasonable." *Serpas v. Simon*, --- F. Supp. 3d ---, 2026 WL 1244544, at *4 (E.D. Va. Feb. 3, 2026); *see also Portela-Hernandez v. Trump*, No. 25-1633-BAH, 2026 WL 74042, at *8 (D. Md. Jan. 9, 2026) (explaining that "*Zadvydas* did not announce a bright line rule that permits detention for at least six months," but instead created a dynamic standard under which "a habeas petitioner's continued detention may

become unjustified at a period short of that six-month mark" (citing *Cruz Medina v. Noem*, 794 F. Supp. 3d 365, 370 (D. Md. 2025))); *Abrego Garcia v. Noem*, 811 F. Supp. 3d 741, 761 (D. Md. 2025) (stating that the presumptive six-month period "can be rebutted where the petitioner demonstrates that removal is not reasonably foreseeable"); *Zavvar v. Scott*, No. 25-2104-TDC, 2025 WL 2592543, at *5 (D. Md. Sept. 8, 2025) (collecting cases from outside this Circuit).

Within the six-month period, a petitioner may rebut the presumption that his detention is reasonable through "proof that 'removal is not reasonably foreseeable.'" *Zavvar*, 2025 WL 2592543, at *6 (quoting *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 397 (D.N.J. 2025)). Petitioner has supplied such proof here. Despite receiving a final order of removal in 2016, the government has not been able to effectuate Petitioner's removal. *See, e.g.*, *Rojas Toj v. Mullin*, 1:26-cv-1142-MSN-WBP, 2026 WL 1458900, at *3 (E.D. Va. May 21, 2026) (concluding that the government's failure to remove petitioner during the years after his order of removal constituted evidence against the likelihood of removal). Petitioner has also been granted withholding of removal to El Salvador, precluding his removal to the only country of which he is a citizen. *See Ramirez Esquivel v. Perry*, 1:26-cv-966-MSN-IDD, ECF 8 at 5 (E.D. Va. May 5, 2026) (concluding that petitioner's removal was unlikely where he had been granted withholding of removal to his country of origin).

Federal Respondents counter that Petitioner's refusal to be placed on a bus headed to Mexico somehow shows that his removal is likely. ECF 4 at 14. However, while Respondents state that they intended to remove Petitioner to Mexico, *id.*; *see also* ECF 4-1 at ¶ 22, they do not provide any evidence of travel documents or Mexico's consent for his removal. There is nothing in the record to suggest that Mexico has any intention of accepting Petitioner even if he was taken to the border. *See Garcia Cruz v. Hott*, 2:26-cv-234-MSD-LRL, ECF 20 at 8-9 (E.D. Va. Apr. 23, 2026) (finding removal was not reasonably foreseeable because "Mexico has rejected DHS's attempt to

remove [the petitioner] there"). Federal Respondents offer the same vague plan for future removal attempts, explaining that that "[a]bsent the underlying habeas petition, ICE would continue with its efforts of removing Petitioner to Mexico." ECF 4-1 ¶ 25. Federal Respondents fail to provide any support for the proposition that this vague plan could possibly amount to a reasonable likelihood of removal. They do not, for example, identify any request to the Mexican government specific to Petitioner let alone any indication that Mexico has agreed to accept Petitioner. They also do not identify any pending travel documents for Petitioner. This Court finds the weight of precedent, and common sense, mandates the opposite conclusion. *See Jorge Antonio Garcia-Rivera*, No. 1:26-cv-229, 2026 WL 1244545, at *3 (finding that a deportation officer's mere statement that ICE was ready to effectuate Petitioner's removal to Mexico was inadequate to show reasonable likelihood of removal); *Cesar Augusto Ramirez Esquivel v. Perry*, No. 1:26-cv-966 MSN-IDD, ECF 8 at 4-5 (E.D. Va. May 5, 2026); *Serpas v. Noem*, 1:25-cv-02369-AJT-WBP, ECF 15 at 7-8 (E.D. Va. Feb. 3, 2026) (concluding that petitioner had demonstrated that his removal was not reasonably foreseeable where he had received CAT withholding and the respondents' plan to remove him to Mexico was "still in nascent stages"); *Montes v. Mullin*, No. 1:26-CV-926 (LMB/WBP), 2026 WL 1459723, at *4 (E.D. Va. May 20, 2026) (finding Federal Respondents' argument that ICE is ready to move forward with removal, and if the Court were to lift its Order forbidding removal, ICE would send Petitioner to a staging facility to effectuate his removal to Mexico, was insufficient).

It is also unclear whether Respondents will be able to remove Petitioner to Mexico even if they do obtain those items. Petitioner has claimed a fear of removal to Mexico because while traveling through Mexico in 2011, he was kidnapped and held for ten days. ECF 1 at ¶ 53. Petitioner's captors starved him, beat him, and extorted his family to secure his release. *Id.* And,

in any event, Petitioner is entitled to IJ review of his credible fear claim before his removal can occur. *See Rojas Toj*, 2026 WL 1458900, at *3; *see also infra* at 9 n.3.

Under these circumstances, Petitioner's removal within any finite period of time is exceedingly unlikely.[2] *See Serpas*, 2026 WL 1244544, at *4 (concluding that petitioner had demonstrated that his removal was not reasonably foreseeable where he had received CAT withholding and the respondents' plan to remove him to Mexico was "still in nascent stages"); *Zavvar*, 2025 WL 2592543, at *7-8 (ruling that petitioner's removal was not reasonably foreseeable where he had been granted CAT withholding to his country of origin and was entitled to contest his removal to a third-party countries). Because Petitioner faces indefinite detention with no reasonable likelihood of removal, his detention violates due process and he is entitled to release.

**B. Revocation of Petitioner's Order of Supervision**

The Court also concludes that Petitioner is entitled to release based on his claim that ICE failed to follow its regulations in revoking his Order of Supervision (Count VI).

The Immigration and Nationality Act's regulations create two different types of release following an order of removal. Under 8 C.F.R. § 241.4, "DHS may release a[] [noncitizen] under an order of supervision if it determines that the [noncitizen] would not pose a danger to the public or a risk of flight, without regard to the likelihood of the [noncitizen's] removal in the reasonably foreseeable future." *Garcia-Rivera v. Noem*, No. 1:26-CV-229-MSN-WBP, 2026 WL 1244545, at *2 n.3 (E.D. Va. Mar. 2, 2026) (quoting *Phommachak v. Wesling*, No. 25-13894-BEM, 2026 WL 157491, at *4 (D. Mass. Jan. 20, 2026)). Alternatively, DHS may release a noncitizen under 8

---

[2] The Court is mindful that the Fourth Circuit has cautioned against expanding *Zadvydas* "beyond the context of the *indefinite and potentially permanent* detention involved there." *Castaneda*, 95 F.4th at 757 (quoting *Miranda v. Garland*, 34 F.4th 338, 361 (4th Cir. 2022)). But the circumstances here are far different from those presented in *Castaneda*. In *Castaneda*, the Fourth Circuit held that petitioner had not shown that his detention was indefinite and potentially permanent where he was "detained pending the completion of withholding-only proceedings that he voluntarily initiated" and that, necessarily, would come to a close. *Id.* By contrast, here, Petitioner has received CAT withholding preventing his removal to El Salvador and it is entirely unclear that ICE will be able to remove him to Mexico or any other country.

C.F.R. § 241.13 "based on a determination that there is no significant likelihood of removal to the country to which [the noncitizen] was ordered removed, or to a third country, in the reasonably foreseeable future." *Garcia-Rivera*, 2026 WL 1244545, at *2 n.3 (internal quotation marks omitted). DHS may only revoke release that was ordered under § 241.13 if it makes "(1) an individualized determination (2) by [DHS] that, (3) based on changed circumstances, (4) removal has become significantly likely in the reasonably foreseeable future.'" *Phommachak*, 816 F. Supp. 3d at 208 (quoting *Kong v. United States*, 62 F.4th 608, 619–20 (1st Cir. 2023)). "When § 241.13(i) governs revocation, the procedures outlined for revocation under § 241.4(1) do not apply." *Garcia-Rivera*, 2026 WL 1244545, at *2 n.3.

Here, Respondents purported to revoke Petitioner's OSUP under 8 C.F.R. § 241.13(i), on the ground that "[c]ircumstances have changed such that there is a significant likelihood of removal in the reasonably foreseeable future." ECF 4-3 at 1. Applying § 241.13, the Court concludes that Respondents did not properly revoke Petitioner's OSUP. Under § 241.13, it is Respondents who bear the burden to prove that circumstances have changed and that Petitioner's removal has become "significantly likely in the reasonably foreseeable future." *Garcia-Rivera*, 2026 WL 1244545, at *3 (quoting *Nguyen v. Hyde*, 788 F. Supp. 3d 144, 150 (D. Mass. 2025)). Respondents have not come close to meeting that burden. To begin with, ICE did not formally revoke Petitioner's OSUP until after it had detained him. *See* ECF 4-1 ¶ 21. His initial detention thus appears untethered to any basis in law. Although Federal Respondents claim that Petitioner's OSUP was revoked because Petitioner "was amenable to third country removal to Mexico," *id.*, the record belies that contention. As Petitioner explains, he "fears removal to Mexico," ECF 1 at ¶ 53, and appears to intend to seek protection from removal to Mexico "under the mandatory provisions of 8 U.S.C. § 1231(b)(3) and FARRA's provisions with respect to CAT," *id.* at ¶ 74. But, even setting that issue aside, there is simply nothing in the record to show that Petitioner's

removal is likely, as explained *infra*. Respondents' showing is "plainly inadequate to establish a changed circumstance, let alone one that suggests removal has become significantly likely in the reasonably foreseeable future." *Garcia-Rivera*, 2026 WL 1244545, at *3; *see also Rojas Toj*, 2026 WL 1458900, at *5 (concluding same).

Because Respondents have failed to follow § 241.13 in revoking Petitioner's OSUP and detaining him, and because that regulation was promulgated to protect Petitioner's right to due process, Petitioner's current detention is unlawful, and he is entitled to immediate release. *Garcia-Rivera*, 2026 WL 1244545, at *3; *see also Sokpa-Anku v. Mullin*, 1:26-cv-01504 (AJT/LRV), 2026 WL 1878709, at *3 (E.D. Va. June 29, 2026) ("In habeas cases where ICE revoked an OSUP in contravention of binding regulations, this Court has consistently vacated ICE's revocation of the OSUP and ordered the Petitioner's immediate release from custody.").

### C. IJ Review of Credible Fear

Finally, Petitioner argues that he has a due process right not to be removed to any country to which he has expressed a fear of removal without IJ review of that claim. (Counts III, IV, V).

The Court understands that Petitioner has not yet received a decision from USCIS as to his claim of a fear of persecution or torture in Mexico. ECF 1 at ¶ 53 ("No DHS officer has asked [Petitioner] whether he fears removal to Mexico, and Respondents have given him no opportunity to raise a fear-based claim against removal there."). Because Petitioner is only entitled to IJ review of his claim if it is denied by USCIS, *see Serpas*, 2026 WL 1244544, at *6, Petitioner's claim is premature, and the Court will deny it without prejudice.[3]

[3] The Court notes, however, that if USCIS denies his claim, Petitioner is entitled as a matter of due process to have that decision reviewed by an IJ. *See, e.g.*, *Serpas*, 2026 WL 1244544, at *7-8; *Garcia-Rivera v. Noem*, No. 1:26-CV-229-MSN-WBP, 2026 WL 1244545, at *3 (E.D. Va. Mar. 2, 2026); *Matute-Rivera v. ICA Farmville Detention Ctr.*, 1:26-cv-01356, ECF 8 at 5-6 (E.D. Va. June 15, 2026).

## III. CONCLUSION

Accordingly, for the foregoing reasons, it is hereby

ORDERED that the Petition (ECF 1) is GRANTED; it is further

ORDERED that Federal Respondents immediately release Petitioner with all his personal property; it is further

ORDERED that Petitioner's Order of Supervision is RESTORED immediately and may not be revoked unless done so in compliance with the requirements of 8 C.F.R. § 241.13; and it is further

ORDERED Respondents and any of Respondents' officers, agents, servants, employees, and attorneys, as well as other person acting in concert, are ENJOINED from re-detaining Petitioner except upon a showing of sufficient changed circumstances with respect to the prospects for removal to a qualifying consenting country.

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

/s/
Michael S. Nachmanoff
United States District Judge

August 13, 2026
Alexandria, Virginia